FILED
MAY 12 2010
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Duane J. Johnson,<br><br>   Plaintiff,<br><br>v.<br><br>Steven J. McCool,<br><br>   Defendant. | Civil Action No. 10-0634 |

## MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* petition for a writ of *quo warranto* and application to proceed *in forma pauperis*. The application will be granted and the petition will be dismissed pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's action upon a determination that the complaint, among other grounds, fails to state a claim upon which relief can be granted).

Plaintiff is a prisoner at the Federal Correctional Center in Petersburg, Virginia, challenging a conviction entered by the Superior Court of the District of Columbia. Specifically, plaintiff questions the legitimacy of his prosecuting attorney, Assistant United States Attorney Steven J. McCool, claiming that "there is no proof nor evidence that [McCool] was appointed as a federal prosecutor during the time that he prosecuted Johnson[.]" Pet. ¶ 9. Plaintiff also claims that the "Attorney General has refused to file the quo warranto proceeding despite Johnson respectfully requesting him to do so." *Id.* ¶ 8. He seeks issuance of the writ and $5 billion in monetary damages against McCool. Pet. at 3.

"A *quo warranto* action is brought against a person who 'usurps, intrudes into, or unlawfully holds or exercises' public office." *Rae v. Johnson*, 1993 WL 544295, *1 (D.D.C., Dec. 22, 1993) (quoting D.C. Code § 16-3501). "It is designed for attacks on an officer's title, not for attacks on officer's actions." *Id.* "The Court of Appeals for this Circuit has held that a *quo warranto* action against a public official may be brought *only* by the Attorney General or the U.S. Attorney." *Taitz v. Obama*, — F. Supp. 2d —, 2010 WL 1525030 (D.D.C., Apr. 14, 2010) (citations omitted) (emphasis in original). Because "officials have broad discretion- especially in cases involving public officials, as opposed to corporate officers-to refuse to sue," *Andrade v. Lauer*, 729 F.2d 1475, 1498 (D.C. Cir. 1984), the Court lacks jurisdiction to review such decisions. *See Shoshone Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995) ("In both civil and criminal cases, courts have long acknowledged that the Attorney General's authority to control the course of the federal government's litigation is presumptively immune from judicial review.").

Even if plaintiff, having been denied his request, could himself "petition for leave to have the writ issued,"[1] D.C. Code § 16-3503, he is way too late. Under the *de facto* officer doctrine, the acts of "a person actually performing the duties of an office under color of title . . . are valid so far as the public or third parties who have an interest in them are concerned." *Andrade*, 729 F.2d at 1496 (citations and internal quotation marks omitted). Thus, "a plaintiff challenging government action on the ground that the officials taking that action improperly [held] office [must] [f]irst, . . . bring his action at or around the time that the challenged government action is

---

[1] *But see Andrade*, 729 F.2d at 1498 (comparing origins of *quo warranto* actions to "an action of ejectment" from public office and the only "interested party" with standing to bring such an action as "a claimant to the defendant's office") (citations omitted).

taken [and] [s]econd, show that the agency or department involved has had reasonable [actual] notice under all the circumstances of the claimed defect in the official's title to office." *Andrade*, 729 F.2d at 1499. The alleged acts occurred "[i]n 1994-1995." Pet. ¶ 10. Plaintiff is not entitled to the writ based on acts committed some 16 years ago.

In addition, the writ of *quo warranto* is not available because plaintiff had an available remedy to address his claim via a direct appeal of his conviction to the District of Columbia Court of Appeals and post-conviction proceedings in Superior Court under D.C. Code § 23-110. *See LoBue v. Christopher*, 82 F.3d 1081, 1082-84 (D.C. Cir. 1996) (concluding that the district court lacked subject matter jurisdiction over a declaratory judgment action where *habeas corpus* remedy was available); *Williams v. Hill*, 74 F.3d 1339, 1340 (D.C. Cir. 1996) (stating that "it is well-settled that a [person] seeking relief from his conviction or sentence may not bring [] an action" for injunctive and declaratory relief because he has an available remedy in habeas) (citations omitted).

Finally, because prosecution by an individual "impersonat[ing]" an assistant United States attorney, Pet. ¶ 6, would necessarily void the conviction, plaintiff cannot recover monetary damages without first showing that he has invalidated the conviction by "revers[al] on direct appeal, expunge[ment] by executive order, declar[ation of invalidity] by a state tribunal authorized to make such determination, or . . . a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff has made no such showing.

For the foregoing reasons, the Court finds that plaintiff has failed to state a claim upon which relief can be granted. A separate Order of dismissal accompanies this Memorandum Opinion.

/s/
United States District Judge

Date: May 11, 2010

3